# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| R.R., )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CPLG WEST PALM BEACH L.L.C., )<br>a Delaware limited liability company, )<br>)<br>    Defendant. ) | Case No. 9:25-cv-81380 |

## NOTICE OF REMOVAL

Defendant CPLG West Palm Beach L.L.C. ("CPLG"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully gives notice of the removal of this action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, West Palm Beach Division. In support of this Notice of Removal, CPLG states as follows:

## NATURE OF REMOVED ACTION

On August 26, 2025, Plaintiff R.R. ("Plaintiff") filed a Complaint in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, against Defendant CPLG West Palm Beach L.L.C. The case was assigned Case No. 50-2025-CA-008675-XXXA-MB. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 in that Plaintiff has brought claims over which this Court would have original jurisdiction.

Attached hereto as **Exhibit 1**, is the Complaint and Demand for Jury Trial that Plaintiff filed in state court (the "Complaint"). *See* **Exhibit 1**, at 11-54. The Complaint asserts two counts against CPLG for violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595: perpetrator liability (Count I) and beneficiary liability (Count II).

*See* **Exhibit 1**, Compl., at ¶¶ 84-144. CPLG has not responded to the Complaint in state or federal court.

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the state court action as well as a copy of the docket sheet in the state court action current as of the date of this Notice of Removal are attached as **Exhibit 1**. Plaintiff's Motion for Protective Order and Leave to Proceed Via Initials, filed on August 26, 2025, is currently pending in the state court action. *See id.* at 56-61.

## TIMELINESS OF REMOVAL

Under 28 U.S.C. § 1446(b), a notice of removal shall be filed by a defendant within thirty days after service upon that defendant of the initial pleading or after the defendant has waived service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint). CPLG was served with the Corporate Summons and the Complaint no earlier than October 16, 2025. *See* **Exhibit 1**, at 92-138. Thus, CPLG's deadline to remove is no earlier than November 15, 2025. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), having been filed within thirty days of service, and no act of Congress prohibits the removal of this cause.

## PROPRIETY OF VENUE

The venue of this removal action is proper pursuant to 28 U.S.C. §1441(a), (c) because the United States District Court for the Southern District of Florida, West Palm Beach Division, embraces the judicial circuit which includes the Circuit Court in and for Palm Beach County, Florida, where the state court action was pending.[1]

---

[1] In conjunction with filing of this Notice of Removal, CPLG will give written notice to Plaintiff of the removal of this action and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, pursuant to § 1446(d) for filing with the papers of Plaintiff's suit there.

## **BASIS OF REMOVAL**

Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1331 because Plaintiff's claims present a federal question under the TVPRA, 18 U.S.C. § 1581, *et seq.* The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Plaintiff alleges violations of federal law or alleged duties arising out of federal law; specifically, Count I and Count II of the Complaint each expressly plead a claim under 18 U.S.C. § 1595 (*i.e.*, the TVPRA). *See* **Exhibit 1**, Compl., at ¶¶ 84-144.[2] Accordingly, this case is within the Court's original jurisdiction and removal is proper.

## **CONSENT**

CPLG is the sole Defendant named in this action. As such, pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been properly joined and served consent to removal.

By filing this Notice of Removal, CPLG does not waive any defense that may be available to it and expressly reserves all such defenses, including those related to personal jurisdiction and service of process. CPLG does not concede that the allegations in the Complaint state a valid claim under any applicable law.

---

[2] To the extent that the Complaint includes causes of actions arising under Florida law—it does not—removal would still be proper because there is no question that Plaintiff's claims are inextricably bound up in her allegations that CPLG violated the TVPRA as a result of her being sex trafficked. More so, if any claims are not subject to federal question jurisdiction under 28 U.S.C. § 1331, the Court could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005).

If any question arises as to propriety of removal to this Court, CPLG requests the opportunity to submit additional factual support, evidence, and affidavits or declarations, and to present a brief and oral argument in support of its position that this case has been properly removed on the basis of federal question jurisdiction.

**WHEREFORE**, CPLG hereby removes this action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2025-CA-008675-XXXA-MB, to this Court.

Dated: November 4, 2025                                                     Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Jody A. Stafford*
Jody A. Stafford, Esq.
Florida State Bar No. 1015797
Jody.Stafford@us.dlapiper.com
200 S. Biscayne Blvd., Suite 2500
Miami, Florida 33131-5341
Telephone: (305) 702-8890
Facsimile: (305) 675-5890

***Attorney for Defendant***